IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 06-cv-01770-WDM

DELBERT R. WOOD,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## ORDER ON MOTION FOR ATTORNEYS' FEES

Miller, J.

This matter is before me on Plaintiff's Motion for Attorney Fees Under EAJA (Docket No. 39). Defendant Commissioner of Social Security does not oppose Plaintiff's entitlement to fees but disputes the amount sought. After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, the motion will be granted.

Plaintiff seeks attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 for fees incurred in appealing the case to this court. Plaintiff seeks a total of $ 13,255.20 in attorneys' fees for 78.9 hours of work at a rate of $168.00 per hour.

<u>Standard of Review</u>

The EAJA provides that a court may award reasonable attorneys' fees "to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity." 28 U.S.C. §

2412(b). A petition for such fees must be submitted within thirty days of final judgment and must show "that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness . . . stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." *Id*. The Commissioner has the burden of proof to show that his position was substantially justified. *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).

### Discussion

Plaintiff presents a timely petition under the EAJA. He argues that he is the prevailing party, is eligible for fees under the EAJA, and that the Commissioner's position in this case was not substantially justified. The petition is supported by an itemized listing of hours and tasks and by an affidavit from Plaintiff's attorney. The Commissioner does not contest Plaintiff's entitlement to fees under the EAJA nor the hourly rate sought by Plaintiff's attorney.[1] However, the Commissioner contends that the number of hours

---

[1] Under the EAJA, attorney fees shall not be awarded in excess of $125.00 per hour unless I determine that an increase in the cost of living or other special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii). To make an adjustment to account for cost of living, courts routinely rely on the Consumer Price Index ("CPI") report compiled and published by the U.S. Bureau of Labor Statistics, typically for the region where services were performed. *See, e.g., Chargois v. Barnhart*, 454 F. Supp. 2d 631, 634 (E.D. Tex. 2006). I agree that the rate sought by Plaintiff's attorney reflects an appropriate adjustment for cost of living increases.

claimed is not reasonable and represents more than twice that of an average Social Security case. The Commissioner recommends that the award be reduced to $7500.

I conclude that Plaintiff's fee request is reasonable under the circumstances. This was not an "average" case and so the Commissioner's comparisons do not persuade me that the fees at issue should be reduced. Plaintiff's history with Social Security goes back to an initial application for benefits in 1992 and involved numerous administrative hearings and appeals to the district court. The record was sizable, nearly a thousand pages, and involved a number of different medical sources. The time spent on preparing Plaintiff's opening brief and reply brief, as well as on preparing a proposed order for my benefit, is not unreasonable.

Accordingly, it is ordered:

1. Plaintiff's Motion for Attorney Fees Under EAJA (Docket No. 39) is granted.

2. Plaintiff is awarded $ 13,255.20 in attorneys' fees.

DATED at Denver, Colorado, on December 3, 2009.

BY THE COURT:


s/ Walker D. Miller
United States Senior District Judge